UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

KENNETH A. HARVEY )
)
v. ) NO. 2:04-CV-69
)
ED GRAYBEAL, Sheriff; CHIEF )
BRENDA DOWNES, Adm'r; PAT )
HOLLIFIELD, R. N., Medical Dir.; )
WASHINGTON COUNTY, )
TENNESSEE; and TINA )
TUCKER, L.P.N. )

**MEMORANDUM and ORDER**

Kenneth A. Harvey, a state prisoner housed in the Washington County Detention Center (WCDC), brings this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that he is being subjected to unconstitutional confinement conditions. The plaintiff is **ASSESSED** the civil filing fee of $150.00 under 28 U.S.C. § 1915.[1]

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust

---

[1] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the increase.

account;

or

(b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[2] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is imprisoned, to ensure compliance with the above fee-assessment procedures.

In his complaint, the plaintiff alleges six claims. In the first of these, he asserts that the facility is overcrowded; that inmates are forced to sleep in "boats" on the floor—a practice which transgresses fire codes and regulations, not to mention the rights of inmates; that, in violation of penal policy and procedures, state

---

[2] Send the payments to:   Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

inmates are housed with both county and federal inmates; and that the bathroom facilities and shower stalls are inadequate—a situation which leads to unsanitary conditions, given the number of inmates who use them. He further alleges that the WCDC lacks facilities designed to accommodate disabled prisoners.

His second claim concerns the lack of exercise opportunities at the WCDC. More specifically, the plaintiff contends that state law mandates that inmates have access to a recreation area of sufficient size to accommodate inmates who want to run, walk or play ball and which contains exercise equipment; that, though the WCDC has a gymnasium with a weight room, state inmates, such as the plaintiff, are not permitted to use it; that state inmates are allotted intermittent, one-hour periods for exercise and must exercise in a central area with a concrete-slab floor and concrete walls.

In the third claim, he asserts that the WCDC has no registered dietician or certified food professional; that food servers are required to have permits and wear hairnets and gloves; that the food servers at the WCDC do not comply with these requirements; that the food is served cold and is not maintained at the proper temperature; that portions are inadequate; that eating utensils are plastic and not routinely sanitized; and that cups are washed occasionally (i.e., every third week).

In the next claim, the plaintiff maintains that he was discharged from his

3

trusty job without cause or a write up by defendants Brenda Downes and Pat Hollifield; that state law mandates that an inmate either be employed within thirty days or transferred to a facility where he can work; that (inferentially) more than 30 days have passed since he was fired and he has not been rehired; and that, since he was told that he could not work because of "medical reasons," he believes that his rights have been violated.

The fifth claim concerns a lack of access to the law books, manuals, and guidelines. The plaintiff alleges that a cart loaded with law books is rolled into his unit in the wee hours of the morning (2:00 a.m.- 3:00 a.m.), with no advance notice given to inmates. Moreover, the books are outdated, not well-stocked, and not well-maintained. In his last claim, the plaintiff charges that state law provides that inmates are to have monthly, conjugal visits; that the WCDC does not allow these visits; and that inmates must communicate with their visitors through a glass window with poor sound penetration. As redress from all these alleged constitutional violations, the plaintiff seeks a injunctive and monetary relief.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *See Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a

4

grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown* and noting the lack of documentation showing prisoner had exhausted his administrative remedies as to "*each* of the claims raised in his complaint")). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must administratively exhaust his claim as to each defendant associated with his claims. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). A district court must enforce the exhaustion requirement *sua sponte*. *Brown,* 139 F.3d at 1104.

The plaintiff asserts in paragraph II of his complaint that the WCDC has a prisoner grievance procedure, but that he did not present the facts relating to his claims through the grievance system because "several attempts to obtain inmate grievance form (sic) were denied by various correctional officers." The plaintiff does not identify the person(s) who denied his requests for a grievance form, nor allege the date of his requests, nor any of the circumstances surrounding the requests. Nor does he contend that he made an attempt to file a grievance without a form. *See Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001). General allegations that he was denied a grievance are insufficient to satisfy the statutory requirements

5

in § 1997e. *See Fitts v. Faghihnia*, 21 Fed.Appx. 243, 245, 2001 WL 1298837, *2 (6th Cir. Aug. 7, 2001).

Accordingly, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

A separate order will enter.

ENTER:

                          s/Thomas Gray Hull
                          THOMAS GRAY HULL
                            SENIOR U. S. DISTRICT JUDGE